J. S34039/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
JONATHAN JACKSON, : No. 131 MDA 2020
:
Appellant :


Appeal from the Judgment of Sentence Entered January 9, 2019,
in the Court of Common Pleas of Dauphin County
Criminal Division at No. CP-22-CR-0002353-2018


BEFORE: PANELLA, P.J., BENDER, P.J.E. AND FORD ELLIOTT, P.J.E.


JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.: **FILED OCTOBER 06, 2020**

Jonathan Jackson appeals from the January 9, 2019 judgment of

sentence entered by the Court of Common Pleas following his conviction of

one count each of strangulation and simple assault[1] following a bench trial.

The trial court sentenced appellant to a term of 18-36 months' imprisonment.

After careful review, we affirm.

The trial court set forth the following factual and procedural history:

> On December 24, 2017, appellant and Heather Wright
> began arguing. According to Ms. Wright's testimony,
> appellant threw a chair against the wall[,] then threw
> her on the bed and restrained her. Ms. Wright was
> able to kick him off her and yell for her mother,
> Carol Wright, to call the police. Carol heard a loud
> crash caused by the Christmas tree being knocked
> over during the argument and the ornaments
> breaking. Carol witnessed appellant on top of

---

[1] 18 Pa.C.S.A. §§ 2718(a)(1) and 2701(a)(1), respectively.

Ms. Wright on the bed. Carol also saw marks on Ms. Wright's neck following the incident.

Officer Christian Ribec[2] responded to the incident on December 24th, 2017, after a call to 9-1-1 from Carol. Officer Ribec testified that Ms. Wright was hysterical, crying, and yelling when he arrived. Ms. Wright was on the phone with appellant and allowed Officer Ribec to speak with him. Appellant failed to return to the home after Officer Ribec asked him to. Ms. Wright stated to Officer Ribec that appellant became angry and slammed her against the wall. She further stated that appellant went to strangle her on the bed with enough force that she could not breathe.

Ms. Wright then provided a written statement to police and signed a strangulation questionnaire. Ms. Wright's written statement alleged that appellant threw her against the wall, threw their baby's rocking chair against the wall, then took her phone and started choking her on the bed. The written statement also alleged that appellant continued to throw Ms. Wright around the room every time she tried to get up. Ms. Wright's strangulation questionnaire stated that appellant strangled her with two hands with full-force pressure to the point that she could no longer breathe. Ms. Wright denied treatment from EMS.

Trial court opinion, 3/12/20 at 2-3 (extraneous capitalization, footnotes, and citations to the record omitted).

Appellant appeared in [the trial] court on November 16, 2018 for a bench trial. On the same day, appellant was found guilty of strangulation and simple assault. On January 9, 2019, appellant was sentenced to one (1) year six (6) months to three (3) years in a state correctional facility.

---

[2] Officer Ribec is employed by the Harrisburg Bureau of Police. (Notes of testimony, 11/16/18 at 31.)

> On September 20, 2019, appellant filed a Post-Conviction Relief Act[3] ("PCRA")] petition. On October 3, 2019, [the PCRA] court appointed William M. Shreve, Esquire. On November 26, 2019, a motion to reinstate appellate rights was filed with [the PCRA] court pursuant to the PCRA. On December 20, 2019, appellant's appellate rights were reinstated.
>
> Appellant filed a timely notice of appeal on January 17, 2020. [The trial] court ordered a concise statement of matters complained of on appeal on January 24, 2020. Appellant complied with said order on February 13, 2020.

*Id.* at 1 (extraneous capitalization and footnotes omitted). The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on March 12, 2020.

Appellant raises the following issue for our review:

> Whether the evidence presented at trial was insufficient to convict appellant of the crime of strangulation, 18 Pa.C.S.A. § 2178[?]

Appellant's brief at 9 (bolding and full capitalization omitted).

Following a thorough review of the record, including the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court, it is our determination that appellant's sufficiency of the evidence claim is without merit. The trial court authored a comprehensive seven-page opinion wherein it discussed appellant's claim and concluded that it was without merit. We find that the trial court's conclusion is supported by competent evidence and is free of legal error. Specifically, we agree with the trial court that the

---

[3] 42 Pa.C.S.A. §§ 9541-9546.

Commonwealth presented sufficient evidence to establish beyond a reasonable doubt that appellant knowingly or intentionally, "threw [Ms. Wright] on the bed, put his hands on her neck, and applied pressure to the point that she could no[t] breathe[.]" (Trial court opinion, 3/12/20 at 5; citing notes of testimony, 11/16/18 at 18, 32-33.)

Accordingly, we adopt the trial court's comprehensive March 12, 2020 opinion as our own for purposes of this appellate review.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/06/2020

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
                                              : DAUPHIN COUNTY, PENNSYLVANIA
                                              :
                     v.                         : NO. 131 MDA 2020
                                              :    2353 CR 2018
                                              :
JONATHAN JACKSON                  : CRIMINAL APPEAL

## TRIAL COURT MEMORANDUM OPINION PURSUANT TO PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1925(A)

Appellant, Jonathan Jackson ("Appellant" or "Mr. Jackson") appeals from this Court's Order dated January 9, 2019 which sentenced Appellant. This opinion is written pursuant to Pa.R.A.P. 1925(a).

## Procedural History

Appellant appeared in this Court on November 16, 2018 for a bench trial. On the same day, Appellant was found guilty of Strangulation[1] and Simple Assault[2]. On January 9, 2019, Appellant was sentenced to one (1) year six (6) months to three (3) years in a State Correctional Facility.

On September 20, 2019, Appellant filed a Post-Conviction Relief Act Petition[3]. On October 3, 2019, this Court appointed William M. Shreve, Esquire. On November 26, 2019, a Motion to Reinstate Appellate Rights was filed with this Court pursuant to the PCRA. On December 20, 2019, Appellant's appellate rights were reinstated.

Appellant filed a timely Notice of Appeal on January 17, 2020. This Court ordered a Concise Statement of Matters Complained of on Appeal on January 24, 2020. Appellant complied with said Order on February 13, 2020.

---

[1] 18 Pa.C.S. § 2718(a)(1)
[2] 18 Pa.C.S. § 2701(a)(1)
[3] Hereinafter "PCRA"

1

## Factual Background

The following facts were established during a bench trial held on November 16, 2018. On December 24, 2017, Appellant and Heather Wright[4] began arguing. (Notes of Testimony, Bench Trial, 11/16/18, 10; 32).[5] According to Ms. Wright's testimony, Appellant threw a chair against the wall then threw her on the bed and restrained her. (N.T., 10). Ms. Wright was able to kick him off her and yell for her mother, Carol Wright,[6] to call the police. (N.T., 10-11). Carol heard a loud crash caused by the Christmas tree being knocked over during the argument and the ornaments breaking. (N.T., 28-30). Carol witnessed Appellant on top of Ms. Wright on the bed. (N.T., 28). Carol also saw marks on Ms. Wright's neck following the incident. (N.T., 29).

Officer Christian Ribec,[7] responded to the incident on December 24th, 2017, after a call to 9-1-1 from Carol. (N.T., 32-33). Officer Ribec testified that Ms. Wright was hysterical, crying, and yelling when he arrived. (N.T., 32). Ms. Wright was on the phone with Appellant and allowed Officer Ribec to speak with him. (N.T., 32). Appellant failed to return to the home after Officer Ribec asked him to. (N.T., 32). Ms. Wright stated to Officer Ribec that Appellant became angry and slammed her against the wall. (N.T., 33). She further stated that Appellant went to strangle her on the bed with enough force that she could not breathe. (N.T., 33).

Ms. Wright then provided a written statement to police and signed a strangulation questionnaire. (N.T., 14-16). Ms. Wright's written statement alleged that Appellant threw her against the wall, threw their baby's rocking chair against the wall, then took her phone and started choking her on the bed. (N.T., 15). The written statement also alleged that Appellant continued to throw Ms. Wright around the room every time she tried to get up. (N.T., 15). Ms.

---

[4] Hereinafter, "Ms. Wright"
[5] Hereinafter, "N.T."
[6] Hereinafter, "Carol"
[7] Hereinafter, "Officer Ribec"

Wright's strangulation questionnaire stated that Appellant strangled her with two hands with full-force pressure to the point that she could no longer breathe. (N.T., 18). Ms. Wright denied treatment from EMS. (N.T., 35).

## Appellant's Statement of Matters Complained of on Appeal

1. Whether the evidence presented at trial was insufficient to convict appellant of the crime of strangulation.

## Discussion

In addressing the Appellant's sole error complained of on appeal, we must disagree with the argument that the evidence presented at trial was insufficient to convict Appellant of the crime of strangulation. The Superior Court said the following regarding sufficiency of evidence presented at trial:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

Commonwealth v. Robinson, 817 A.2d 1153, 1158 (Pa.Super. 2003).

Additionally, the Superior Court in *Commonwealth v. Fitzpatrick*[8] stated, "[a]ny doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak

---

[8] *Commonwealth v. Fitzpatrick*, 159 A.3d 562, 567 (Pa.Super. 2017) (quoting *Commonwealth v. Hutchinson*, 947 A.2d 800, 805-806 (Pa.Super. 2008)).

and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances."

In order to address a sufficiency of the evidence argument, we must review the elements of said crime. *Id.* The statute states in relevant part:

> (a) Offense defined – A person commits the offense of strangulation if the person knowingly or intentionally impedes the breathing or circulation of the blood of another person by:
>    (1) Applying pressure to the throat or neck; or
>    (2) Blocking the nose and mouth of the person.
> (b) Physical injury – Infliction of a physical injury to a victim shall not be an element of the offense. The lack of physical injury to a victim shall not be a defense in a prosecution under this section.

See 18 Pa.C.S.A. § 2718

The Supreme Court of Pennsylvania explained the appropriate standard of review when an appellate court is required to review an insufficiency of the evidence claim:

> Normally, the evidence is deemed to be sufficient where there is testimony offered to establish each material element of the crime charged and to prove commission of the offense by the accused beyond a reasonable doubt. The question of credibility is left to the jury and the verdict will not be disturbed if the jury determined the evidence is worthy of belief. We have, however, made exception to the general rule that the jury is the sole arbiter of the facts where the testimony is so inherently unreliable that a verdict based upon it could amount to no more than surmise or conjecture.

Commonwealth v. Karkaria, 625 A.2d 1167, 1170 (Pa. 1993).

In reviewing the evidence in a light most favorable to the verdict winner, we believe the verdict rendered is supported by the evidence. The evidence presented by the Commonwealth, namely the testimony of Ms. Wright, Carol Wright, and Ms. Wright's written statements to police, was enough for the fact-finder to conclude beyond a reasonable doubt that Appellant impeded the breathing of Ms. Wright by applying pressure to her throat or neck. Ms. Wright testified that Appellant threw her onto the bed and began restraining her by putting his hands

4

around her neck and shoulders area. (N.T., 10-11). The Commonwealth also presented the written statement that Ms. Wright provided to police on the night of the incident. (N.T., 14-15). Ms. Wright's written statement to police states that Appellant choked her on the bed. (N.T., 15). Ms. Wright completed a strangulation questionnaire on the night of the incident. (N.T., 16). In this questionnaire, Ms. Wright indicated that Appellant used two hands with full-force pressure to the point that Ms. Wright could not breathe. (N.T., 18). Ms. Wright also testified that the action caused her to vomit. (N.T., 18). According to Ms. Wright's testimony, she was able to kick Appellant off and immediately yelled for Carol Wright, her mother, to call the police. (N.T., 11). In response to Defense Counsel's questioning, Ms. Wright testified that she did not experience symptoms such as blacking out, loss of bodily functions, raspy voice, or red eyes. (N.T., 18-21). However, the plain language of the statute states that a lack of injury is not a defense and that the actual infliction of an injury is not considered an element of strangulation. 18 Pa.C.S. § 2718(b).

The Commonwealth then presented testimony from Carol Wright, Heather Wright's mother. Carol Wright testified that she saw handprint marks on her daughter's neck after the incident. (N.T., 29).

Further, the testimony presented by the Commonwealth is not so inherently unreliable as to require the exception to the general rule that the jury is the sole arbiter of the facts. *See* Commonwealth v. Karkaria, 625 A.2d at 1170. The testimony of Officer Ribec showed that Ms. Wright completed and signed the domestic violence form and signed the strangulation form, completed by Officer Ribec based on the statements from Ms. Wright, on the night of the incident. (N.T., 32). Ms. Wright's assertion that Appellant threw her on the bed, put his hands on her neck, and applied pressure to the point that she could no breathe remained consistent and

5

reliable through her statements to police, both written and oral, and her testimony at trial. (N.T., 32-33; 18). Any question regarding the credibility of the testimony presented at trial was properly left to the arbiter of the facts, in this case the Honorable Judge Curcillo, and the verdict should not be disturbed.

Additionally, the evidence presented by the Commonwealth, was enough for the jury to conclude beyond a reasonable doubt that Appellant knowingly or intentionally impeded the breathing of Ms. Wright by applying pressure to her throat or neck. Appellant testified, through cross-examination by the Commonwealth, that he had to restrain Ms. Wright during a verbal argument that became physical. (N.T., 42-43). Appellant testified that Ms. Wright was screaming for her mother to call the police. (N.T., 43). Through his testimony, Appellant claimed that he restrained Ms. Wright by holding her down on the bed so that he could put his sneakers on to leave. (N.T., 39-40). This took place during an argument in which Appellant threw a chair against the wall and threw Ms. Wright up against a wall in anger. (N.T., 15). This argument was physical enough to knock down the Christmas tree in the process, creating a loud crash and breaking the ornaments. (N.T., 28-30) Again, any question regarding the credibility of Appellant's testimony was properly left to the fact-finder, the Honorable Judge Curcillo.

After viewing the evidence in the light most favorable to the verdict winner and after giving the Commonwealth the benefit of all reasonable inferencing drawn from the evidence presented at the bench trial, we conclude that the evidence presented by the Commonwealth through the testimony of Ms. Wright, Carol Wright, and Officer Ribec as well as the written statements provided to police by Ms. Wright on the night of the incident is sufficient for the fact-finder to conclude that Appellant impeded the breathing of Ms. Wright by applying pressure to her throat or neck.

6

For these reasons, we ask the Superior Court to uphold and affirm our judgment.

Respectfully submitted:

_____
Deborah E. Curcillo, Judge

Dated: **3-12-20**

**Distribution:** 12.20 @ 4:26pm
The Superior Court of Pennsylvania mail
The Hon. Deborah E. Curcillo file copy
Ryan Lysaght, Esq., Dauphin County District Attorney's Office
William Shreve, Esq., 3618 North Sixth Street, P.O. Box 5292, Harrisburg, PA 17110 mail
Smart Communications/PADOC, Jonathan Jackson/#JN8019, SCI-Mahanoy, P.O. Box 33028, St. Petersburg, FL 33733 mail

2020 MAR 12 PM 2:28
RECEIVED
OFFICE OF
CLERK OF COURTS
DAUPHIN COUNTY
PENNA.

2020 MAR 12 PM 2:28
DAUPHIN COUNTY
PENNA.